**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE CENTENO OLIVARES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-73346

Agency No. A095-773-608

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021**
Pasadena, California

Before:  BEA and LEE, Circuit Judges, and BENNETT,*** District Judge.

Jose Centeno Olivares ("Centeno Olivares"), a native and citizen of

Mexico, petitions for review of an Immigration Judge's ("IJ") 2020 decision

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

affirming an asylum officer's negative reasonable fear determination in proceedings to reinstate Centeno Olivares's 2009 removal order.

Centeno Olivares argues the government did not properly reinstate the 2009 removal order. The government provided sufficient record evidence, through documents and Centeno Olivares's testimony, that he is a citizen of Mexico, subject to a 2009 expedited removal order, who illegally reentered the United States after his removal. The government met the factual predicates for reinstatement of an order of removal. *Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013).

The government argues Centeno Olivares waived review of the IJ's negative fear determination. Centeno Olivares did not make arguments or provide record support for his contention that he had a reasonable fear of return to Mexico and should not be removed. Rather, he listed rules of law without applying those rules to the facts of his case and did not cite to the record in this section of his opening brief. He has waived this argument. *United States v. Graf,* 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); Fed. R. App. P. 28(a)(8)(A) (appellant's opening brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Even if Centeno Olivares had not waived that review, substantial record evidence supported the IJ's finding that he did not have a reasonable fear of persecution or torture, so the record does not compel a contrary conclusion. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). An applicant is not eligible for asylum if he can safely relocate to another part of his home country. *INS v. Ventura*, 537 U.S. 12, 18 (2002). The IJ found Centeno Olivares could relocate safely within Mexico, had done so for a time in one area of the country after an incident in 2009, and could live and work in another area of Mexico without the cartel members involved in the 2009 incident knowing he was in that other area.

An applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Centeno Olivares testified he believes cartels are "everywhere" in Mexico, but he did not support the statement with any record evidence. IJ found he expressed a "generalized fear" of crime in Mexico, not one of persecution targeted to him on account of a protected ground.

Petition **DENIED**.